IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| SOLUBLE TECHNOLOGIES GROUP, LLC and TC HEARTLAND, LLC,<br><br>        Plaintiffs,<br><br>   - against -<br><br>DREAMPAK, LLC,<br><br>        Defendant. | 3:21cv328<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Soluble Technologies Group, LLC and TC Heartland, LLC, by their attorneys, for their Complaint in this action allege:

## PARTIES AND JURISDICTION

1. Plaintiff Soluble Technlogies Group, LLC ("STG") is a limited liability company organized and existing under the laws of Delaware, having its registered office in Bergenfield, New Jersey.

2. Plaintiff TC Heartland, LLC is a limited liability company organized and existing under the laws of Indiana, having its registered office in Indianapolis, Indiana.

3. Defendant DreamPak, LLC ("DreamPak") is a limited liability company organized and existing under the laws of Virginia, having its registered office in McLean, Virginia.

4. This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1 et seq., as amended.

5. This Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction to hear this action for at least the reasons that DreamPak is domiciled in Virginia and maintains an agent for service of process in Virginia.

7. Venue is proper in this district for at least the reasons that DreamPak is domiciled in this district and maintains its registered offce in this district.

## CLAIM FOR RELIEF
**(Infringement of the '659 Patent)**

8. STG is the owner of U.S. Patent No. 10,448,659 (the "'659 Patent").

9. TC Heartland is exclusively licensed to practice the '659 Patent in the field of private label liquid water enhancer ("LWE") products.

10. TC Heartland supplies private label LWE products to retailers having stores or outlets in Virginia and this district, including third-party Aldi, Inc. ("Aldi").

11. DreamPak, without authority from Plaintiffs, has made, used, offered for sale, and sold LWE products that embody the patented invention disclosed and claimed in the '659 Patent, including by supplying the LWE products identified in Exhibit 1 (the "Accused Products") to one or more units of Aldi.

12. The Accused Products contain elements identical or equivalent to each claimed element of the patented invention pointed out by at least claim 16 of the '659 Patent.

13. In a letter to TC Heartland dated May 27, 2020, DreamPak asserted with reference to the Accused Products: "each of these products contains acids well above the range claimed in the '659 patent."

14. In a letter to TC Heartland dated August 28, 2020, DreamPak asserted with reference to the Accused Products and claim 16 of the '659 Patent: "the products each utilize a percentage of acid by weight materially above the range required by the claim."

15. The statements quoted in paragraphs 13 and 14, above, are erroneous, inaccurate, and misleading.

16. The "Orange Tangerine" flavored LWE product depicted in Exhibit 1 contains an acid element that makes up in the region of 20.54% of the weight of the product.

17. The "Grape" flavored LWE product depicted in Exhibit 1 contains an acid element that makes up in the region of 21.12% of the weight of the product.

18. The "Strawberry Watermelon" flavored LWE product depicted in Exhibit 1 contains an acid element that makes up in the region of 19.52% by weight of the product.

19. The "Fruit Punch" flavored LWE product depicted in Exhibit 1 contains an acid element that makes up in the region of 21.74% of the weight of the product.

20. The acid elements in the Accused Products (the "Subject Acid Elements") are at least equivalent to the acid element pointed out by claim 16 of the '659 Patent.

21. The Subject Acid Elements contribute to rapid dispersion of the Accused Products in substantially the same way as does the acid element pointed out by claim 16 of the '659 Patent.

22. The Subject Acid Elements contribute to shelf stability of the Accused Products in substantially the same way as does the acid element pointed out by claim 16 of the '659 Patent.

23. The Subject Acid Elements contribute to the taste profile of the Accused Products in substantially the same way as does the acid element pointed out by claim 16 of the '659 Patent

24. The Subject Acid Elements are insubstantially different from the acid element pointed out by claim 16 of the '659 Patent.

25. The Subject Acid Elements are interchangeable with the acid element pointed out by claim 16 of the '659 Patent.

26. The Accused Products comprising the Subject Acid Elements are marketed and sold as direct substitutes for TC Heartland LWE products that practice the '659 Patent.

27. DreamPak has had notice of its infringement of '659 Patent since not later than May 27, 2020, when one of DreamPak's attorneys made the assertion quoted in paragraph 13, above, with respect to the Accused Products.

28. By its conduct, including its sale of Accused Products bearing directions for use at the point of consumption as shown in Exhibit 1 hereto, DreamPak has actively induced and encouraged infringement of the '659 Patent by Aldi and by LWE consumers in Virginia and this district.

29. DreamPak is currently practicing the '659 Patent without authority from Plaintiffs and threatens to continue to do so absent injunctive relief from this Court.

30. The conduct of DreamPak has injured and is continuing to injure Plaintiffs in their business and property.

31. The conduct of DreamPak has caused and threatens Plaintiffs with irreparable harm for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that the Court:

(a) Declare, adjudge, and decree that DreamPak is liable for infringement of the '659 Patent;

(b) Issue preliminary and permanent injunctions restraining DreamPak from engaging in any further activities that infringe the '659 Patent, including through appropriate recall relief;

(c) Award Plaintiffs damages in accordance with 35 U.S.C. § 284;

(d) Declare this case "exceptional" and award Plaintiffs increased damages and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

(e) Award Plaintiffs such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38, Plaintiffs respectfully demand a jury trial of all issues triable to a jury in this action.

Dated: May 20, 2021

Respectfully submitted,

By: /s/ James H. Boykin, III
James H. Boykin, III
Virginia State Bar No. 67980
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
james.boykin@hugheshubbard.com

James W. Dabney (*pro hac vice* forthcoming)
Richard M. Koehl (*pro hac vice* forthcoming)
Emma L. Baratta (*pro hac vice* forthcoming)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
james.dabney@hugheshubbard.com
richard.koehl@hugheshubbard.com
emma.baratta@hugheshubbard.com

Attorneys for Plaintiffs